**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CAROL GARRARD; ROBERT
RICHARDSON,

                    Plaintiffs-Appellants,

    v.

GAVIN NEWSOM; et al.,

                    Defendants-Appellees.

No. 20-16511

D.C. No. 3:20-cv-04706-CRB

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted May 18, 2021**

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

    Carol Garrard and Robert Richardson appeal from the district court's

judgment dismissing their 42 U.S.C. § 1983 action alleging that a California state

judicial ethics canon violates their rights under the First and Fourteenth

Amendments.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (dismissal for lack of standing).  We affirm.

The district court properly dismissed plaintiffs' claims because plaintiffs failed to allege facts sufficient to establish an injury-in-fact as required for Article III standing.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (constitutional standing requires an "injury in fact," which refers to "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical" (citation and internal quotation marks omitted)).

We reject as meritless plaintiffs' contention that 28 U.S.C. § 1915(e)(2)(B)(ii) is unconstitutional.

Contrary to plaintiffs' contention, the reassignment of the case to the district judge mooted any arguments plaintiffs may have had in favor of the magistrate judge's recusal.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' motions to take judicial notice and file a supplemental brief are granted.  The Clerk will file the supplemental brief submitted at Docket Entry

No. 12.

**AFFIRMED.**